**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Reginald Wafford,

    Plaintiff,

    v.                                             Case No. 1:09cv805

Michael J. Astrue,                            Judge Michael R. Barrett
Commissioner of Social Security,

    Defendant.

**ORDER**

This matter is before the Court on the Magistrate Judge's August 19, 2010 Report and Recommendation ("R&R"). (Doc. 21).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waiver further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely objections to the R&R (Doc. 22), and Defendant filed a reply (Doc. 24).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 15, 2005, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of February 28, 2003, at the age of 43, due to heart problems, high blood pressure, diabetes and back pain. (Tr. 56-57). Plaintiff's damages were denied initially and on reconsideration. (Tr. 32-33). The Administrate Law Judge ("ALJ") held a hearing on August 29, 2008. (Tr. 377). On September 19, 2008, the ALJ entered his

---

[1] A notice was attached to the Magistrate Judge's R&R regarding objections.

decision denying Plaintiff's claims. (Tr. 16-29). The Appeals Council denied Plaintiff's request for review on September 3, 2009. (Tr. 6-8). The ALJ's decision therefore is Defendant's final determination on Plaintiff's claims. (Id. at 6).

## II. MAGISTRATE JUDGE'S R&R

In the R&R, the Magistrate Judge recommends affirming the ALJ's finding of non-disability. The Magistrate Judge noted that the ALJ found that Plaintiff has the following severe impairments: history of atrial fibrillation, left ventricular hypertrophy, morbid obesity, obstructive sleep apnea, hypertension, diabetes mellitus II, and low back pain. The Magistrate Judge also noted that the ALJ found that Plaintiff has the residual functional capacity to: perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he can never climb ladders/ropes/scaffolds; can occasionally stoop and crouch; should avoid even moderate exposure to hazardous machinery, unprotected heights, or commercial driving; should have minimal interaction with supervisors; should be limited to one- and two-step instructions and routine/repetitive tasks; and should avoid a consistently rapid pace.

Before the Magistrate Judge, Plaintiff argued that the ALJ made the following errors: (1) failed to give sufficient weight to the opinion of his treating chiropractor; (2) improperly relied on the vocational expert ("VE") testimony that was inconsistent with the Dictionary of Occupation ("DOT") listings; (3) failed to resolve the inconsistencies between the VE testimony and the DOT listing; (4) failed to adequately explain his residual functional capacity findings; (5) improperly found that Plaintiff was not fully credible regarding his symptoms; and (6) disregarded the testimony of witness Billy Green.

The Magistrate Judge found that the ALJ's decision was supported by substantial

evidence, and rejected Plaintiff's alleged errors. First, the Magistrate Judge found that the ALJ properly weighed the medical opinions and facts in the record. The Magistrate Judge found that the ALJ did not improperly give weight to the MRI over the weight of the opinion of Dr. Gulla.

Second, the Magistrate Judge found that the ALJ properly determined that there were a significant number of jobs in the national economy that Plaintiff could perform. In so determining, the Magistrate Judge rejected the arguments that the VE testimony is inconsistent with the DOT listings and that the ALJ did not resolve the inconsistencies between the two.

Third, the Magistrate Judge found that substantial evidence supports the ALJ's finding that Plaintiff has residual functional capacity to perform light work. The Magistrate Judge explained that the ALJ properly considered Plaintiff's heart condition, sleep apnea and alleged need to elevate his legs in making this determination.

Fourth, the Magistrate Judge found that the ALJ properly made a credibility determination about Plaintiff based on testimony about his failure to take medications, the contradictions between his testimony and the medical records, and his lack of impressive earnings record.

Fifth, the Magistrate Judge found that the ALJ appropriately weighed Billy Green's testimony. The Magistrate Judge noted that the ALJ specifically discussed Billy Green's testimony and also referenced that testimony in making a credibility determination about Plaintiff.

In his objections to the Magistrate Judge's R&R, Plaintiff argues the following errors were made: (1) the ALJ erred when he indicated that sleep apnea would not last more than

3

twelve months and by not fully considering the affects of the sleep apnea, heart condition and need to elevate his legs when determining whether Plaintiff would perform work on a sustained basis; (2) the ALJ erred by not considering chiropractors Robert Dhaliwal and Kevin Gulla as acceptable medical sources; and (3) the ALJ did not adequately address the discrepancies between the VE testimony and the DOT listings.

### III. ANALYSIS

#### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Id.* (citing *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987)). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

#### B. Evaluation of Plaintiff's Sleep Apnea

Plaintiff argues that the ALJ improperly concluded that his sleep apnea would not

4

be expected to last more than twelve months and failed to consider the impact of his sleep apnea (and other conditions) on his ability to work.

The ALJ concluded that the claimant was diagnosed with sleep apnea on August 19, 2008 after the sleep study was conducted. (Tr. 25). The ALJ then relied on testimony from Plaintiff that the sleep apnea device he was about to start using would "definitely help" with his condition. (Tr. 25, 387). Based on this evidence, the ALJ determined that Plaintiff's sleep apnea could not be expected to last more than twelve months.

Plaintiff claims that the ALJ erred because he had sleep issues dating back to September 2003. The evidence cited by Plaintiff, however, does not confirm that he had sleep apnea, and in any event, if he did have sleep apnea it was left untreated and undiagnosed until August 19, 2008. Further, Plaintiff argues that the ALJ erred because he was actually diagnosed with sleep apnea in July 2007. (Tr. 241). His place cite, however, references a medical record with a handwritten note about sleep apnea, indicating that a follow up test will be performed. (Tr. 241). There is no indication that he was actually diagnosed with sleep apnea at that time. (Id.) Therefore, it was not unreasonable for the ALJ to conclude based on the above evidence that Plaintiff's sleep apnea would not be expected to last twelve months once treatment was commenced.

As for Plaintiff's claim that the ALJ gave no credit to his testimony and claims regarding sleep apnea and other conditions, the Court finds that claim to be without merit. The Magistrate Judge explained that the ALJ sufficiently considered the evidence of sleep apnea and other conditions. The ALJ relied on Plaintiff's testimony about his sleep apnea device helping his condition and limited Plaintiff's working conditions in acknowledgment of Plaintiff's sleep apnea and other conditions. The evidence cited by Plaintiff does not

undermine the ALJ's conclusion.

### C. Opinions of Drs. Robert Dhaliwal and Kevin Gulla

Plaintiff argues that the ALJ erred by not considering the observations and opinions of his chiropractors.[2]

First, Plaintiff argues that his chiropractors should have been considered "acceptable medical sources" under 20 C.F.R. § 404.1513. Plaintiff misinterprets that section. Section 404.1513(a), which lists the "acceptable medical sources," does not include chiropractors. Instead, chiropractors are listed as "other sources" in Section 404.1513(d). Evidence from these "other sources" may be considered 'in addition to evidence from the acceptable medical sources listed in paragraph (a)." 20 C.F.R. 404.1513(d). Therefore, chiropractors are not "acceptable medical sources" under that section.

SSR 06-03p explains the distinction between "acceptable medical sources" and "other sources":

> The distinction between "acceptable medical sources" and other health care providers who are not "acceptable medical sources" is necessary for three reasons. First, we need evidence from "acceptable medical sources" to establish the existence of medically determinable impairment. Second, only "acceptable medical sources" can give us medical opinions. Third, only "acceptable medical sources" can be considered treating sources . . . whose medical opinions may be entitled to controlling weight.

(Internal citations omitted). Pursuant to this explanation then, chiropractors cannot establish the existence of medically determinable impairments, cannot give medical opinions, and cannot be considered treating sources whose medical opinions are entitled to controlling weight.

---

[2] In his objections to the R&R, Plaintiff for the first time disputes the failure of the ALJ to consider Dr. Dhaliwal's opinions.

6

The Court recognizes, however, that the opinions of the "other sources" are under certain circumstances entitled to some weight. SSR 06-03p provides that:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because, as we previously indicated . . . "acceptable medical sources" "are the most qualified health care professionals." However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

(Internal citations omitted). Here, there is evidence that the ALJ considered and gave weight to the MRI contained in Dr. Gulla's records and analyzed the MRI in conjunction with Plaintiff's clinical signs. (Tr. 24-25; *see also* Tr. 300-01). There also is evidence that the ALJ determined that the MRI did not support Dr. Gulla's opinion that Plaintiff has radiculitis in both legs or suffers from root nerve compression. (*Id.*). Further, there is evidence that the chiropractors treated Plaintiff for relatively short periods of time. Dr. Gulla treated Plaintiff for approximately three months in 2008 and Dr. Dhaliwal treated Plaintiff for approximately eight months between 2003 to 2004. (Tr. 309-335; Tr. 337-340). Based on this evidence, it was reasonable for the ALJ to not give controlling weight to the opinions of the chiropractors.

### D. Job Availability

Plaintiff argues that the VE's testimony with regard to the jobs available that Plaintiff could perform within his limitations conflicts with the DOT listing, and thus, suggests that the case should be remanded for further review. The Magistrate Judge addressed this

argument, finding that the VE testimony was not inconsistent with the DOT listings.

The Magistrate Judge concluded that the ALJ properly asked the VE if any testimony was inconsistent with the DOT listing. The VE stated that he had explained all of the differences between his testimony and the DOT. (Tr. 414). As the Magistrate Judge noted, the time to challenge the expert's testimony was at the hearing, and Plaintiff did not do so. An ALJ is not required to "conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge." *Ledford v. Astrue*, 311 Fed. Appx. 746, 757 (6th Cir. Dec. 19, 2008).

Further, Plaintiff does not dispute the fact that even if the challenged jobs were eliminated, there would be around 18,000 jobs available nationally that Plaintiff could perform. Thus, even if the Court concluded (which it does not) that Plaintiff's argument had merit, his argument does not show any harm resulting from the error. *See Shinseki v. Sanders*, __ U.S. __, 129 S.Ct. 1696, 1706 (2009).

### IV.  CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the August 19, 2010 R&R is hereby **ADOPTED**. The Court finds that the ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed. This matter shall be **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court